# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY H. NAVARRO,<br><br>Plaintiff,<br><br>v.<br><br>SINGH, et al.,<br><br>Defendants. | Case No.: 1:19-cv-00018-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>21-DAY DEADLINE |

Plaintiff Larry H. Navarro brings this action under 42 U.S.C. section 1983, alleging the defendants denied him adequate medical care. (Doc. 11.) Upon screening, the Court found that Plaintiff's complaint (Doc. 1) neglected to link the defendants to his factual allegations, and granted him leave to amend. (Doc. 8 at 1, 2, 12.) Plaintiff then filed a first amended complaint. (Doc. 9.) Upon its screening of the first amended complaint, the Court found that Plaintiff's allegations failed to rise to the level of deliberate indifference under the Eighth Amendment, and granted Plaintiff a second opportunity to amend. (Doc. 10 at 5-6.)

On December 19, 2019, Plaintiff filed a second amended complaint. (Doc. 11). Despite the prior opportunities to cure the deficiencies in his pleading, Plaintiff's second amend complaint fails to state a claim on which relief can be granted. Accordingly, the Court finds that Plaintiff is unable to cure the deficiencies, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and recommends that this action be dismissed.

# I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

# II. PLEADING REQUIREMENTS

## A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

1 *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Factual Allegations

Plaintiff names the following defendants: Dr. Singh, Nurse Gunst, Nurse Sanchez, and S. Gates, the chief of health care services at Valley State Prison. (Doc. 11 at 1, 2-3.) Plaintiff states that he visited Gunst on March 5, 2015, and Sanchez on May 15, 2015, for problems with his left index finger. (*Id.* at 3.) He alleges the nurses diagnosed him with arthritis and provided medication, but neither wrote the diagnosis down. (*See id.* at 3.) On September 13, 2016, Plaintiff visited Salazar for the same issue. (*Id.* at 3-4.) She, too, diagnosed Plaintiff with arthritis and gave him medication. (*Id.* at 4.) On February 22, 2017, Plaintiff visited Nurse Rieping. (*Id.*) The nurse diagnosed Plaintiff with "musculoskeletal pain." (*Id.*)

Plaintiff does not mention Dr. Singh in his second amended complaint (SAC). However, in his first amended complaint (FAC), Plaintiff alleges that he visited Dr. Singh for an issue not

related to his finger, but he told the doctor that his left index finger was swollen. (Doc. 9 at 3-4.) Dr. Singh responded that the cold weather and arthritis were causing the swelling. (*Id.* at 4.)

Plaintiff provides no additional facts in his SAC. In his original complaint and FAC, Plaintiff states that he underwent surgery in March 2017 to remove an infection and receive a bone graft on his finger; and he now experiences pain in his finger and wrist. (Doc. 1 at 16; Doc. 9 at 4; Doc. 11 at 5.) Plaintiff seeks damages for his pain and suffering. (Doc. 11 at 5.)

  **B. Plaintiff's Claims for Relief**

    1. <u>Deliberate Indifference to Serious Medical Needs</u>

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for a deliberate indifference claim is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the

4

prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

For screening purposes, Plaintiff's factual allegations satisfy the first, objective prong. Plaintiff alleges that he suffered an infection that caused recurring pain, and which required surgery. (Doc. 9 at 3-4; Doc. 11 at 5.) Plaintiff's condition is thus serious and one that a reasonable doctor or patient would find worthy of treatment. *See Colwell*, 763 F.3d at 1066.

Plaintiff's allegations do not satisfy the second, subjective prong. Plaintiff does not allege facts that show that any of the defendants knew of an excessive risk to Plaintiff's health yet disregarded that risk. *See Peralta*, 744 F.3d at 1082. Plaintiff appears to imply that Defendants misdiagnosed the cause of the pain and swelling in his finger as arthritis when the cause was an infection. (*See* Doc. 9 at 3-4.) However, a misdiagnosis, though potentially negligent, does not amount to deliberate indifference under the Eighth Amendment. *See Estelle*, 429 U.S. at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim" under the Eighth Amendment). Furthermore, Plaintiff received surgery for his condition. (*Id.*) Plaintiff does not state whether one of the defendants made the referral for

surgery; but the alleged facts reveal that he continued to receive treatment. Plaintiff's allegations thus do not show that Defendants were deliberately indifferent to his medical needs.

Plaintiff also fails to link Director Gates to his claims. *See Rizzo*, 423 U.S. at 373-75. It appears that Plaintiff names Gates solely because he holds a supervisory position. However, section 1983 does not impose liability on a supervisor simply because a subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 677. To impose liability, a plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those he or she supervised. *See id.*

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's second amended complaint fails to state a claim on which relief can be granted. Given Plaintiff's two prior opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar*, 698 F.3d at 1212-13. Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 3, 2020** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE