UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY H. NAVARRO,<br><br>              Plaintiff,<br><br>    v.<br><br>SINGH, et al.,<br><br>              Defendants. | No. 1:19-cv-00018-NONE-SKO (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION</u><br><br>(Doc. No. 12) |

Plaintiff Larry H. Navarro is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed his original complaint alleging that defendants, medical personnel at the prison where plaintiff is incarcerated, were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. (Doc. No. 1 at 3–4.) In addition, plaintiff brought a claim for negligence under state law. (*Id.* at 5.) The assigned magistrate judge issued a screening order finding that plaintiff did not state a cognizable claim under the Eighth Amendment and explained that this federal court would not likely exercise supplemental jurisdiction over the state claim so long as there was no viable federal claim pending. (Doc. No. 8 at 6, 11.) Plaintiff then filed a first amended complaint ("FAC")

reasserting both claims with little additional facts. (Doc. No. 9 at 3–4.) The assigned magistrate judge issued a second screening order dismissing the FAC because it failed to state a claim but provided plaintiff the opportunity to amend his complaint yet again. (Doc. No. 10 at 5–6.)

Plaintiff filed his second amended complaint ("SAC") asserting a single cause of action under the Eighth Amendment. (Doc. No. 11 at 3–4.) In his SAC plaintiff alleges as follows. Plaintiff had problems with his left index finger and sought treatment from various medical personnel at the prison where he is incarcerated. (*Id.* at 3.) In 2015 and 2016, various nurses diagnosed plaintiff as suffering from arthritis and gave him medication, but the nurses failed to write down the diagnosis. (*Id.* at 3–4.) Although not referenced in the SAC, in his FAC plaintiff alleged that a doctor told him that his left finger was swollen due to the cold weather and arthritis. (Doc. No. 9 at 3–4.) Finally, in his original complaint and in his SAC, plaintiff alleged that he underwent surgery in March 2017 to remove an infection and receive a bone graft on his finger and that he now suffers pain in his finger and his wrist. (Doc. Nos. 1 at 16–18; 11 at 5.)

The assigned magistrate judge issued findings and recommendations recommending that the SAC be dismissed for failure to state a cognizable claim. (Doc. No. 12.) Given that plaintiff had been granted two prior opportunities to amend his complaint to cure the noted deficiencies (*see* Doc. Nos. 8, 10), the assigned magistrate judge found that the granting of further leave to amend would be futile. (Doc. No. 12 at 1, 6.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within 21 days of service. (*Id.* at 6.) Plaintiff has not filed objections and the time to do so has passed.

The findings and recommendations correctly concluded that plaintiff's SAC failed to state a claim for deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. To state a claim for deliberate indifference, plaintiff must allege: (1) "a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 113, 1122 (9th Cir. 2012). With respect to the second prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the

prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotations and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Here, the allegations of the SAC satisfy the first prong of the deliberate indifference test because plaintiff alleges that he had an infection that caused reoccurring pain and required surgery (Doc. Nos. 9 at 3–4; 11 at 5), which is, at least at the pleading stage, an "important" injury "worthy of . . . treatment." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted). However, in his SAC plaintiff has failed to allege sufficient facts in support of the second prong, i.e., defendants disregarded of a known risk to plaintiff. *See Wilhelm*, 680 F.3d at 1122. Plaintiff appears to imply, although it is not clear from the allegations, that defendants misdiagnosed the cause of the pain to his finger as arthritis when the true cause was an infection. (*See* Doc. No. 9 at 3–4.) But a misdiagnosis, though potentially negligent, is not enough to allege deliberate indifference under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (explaining that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim" under the Eighth Amendment). Further, plaintiff alleges that he underwent surgery for his condition and was given medication to abate his pain (Doc. No. 11 at 3–5), which strongly suggests that defendants were not deliberately indifferent to his medical condition. *See Farmer*, 511 U.S. at 847. The SAC therefore fails to plausibly allege that defendants were deliberately indifferent to plaintiff's medical needs.

Given that plaintiff has now had three opportunities to allege facts stating a cognizable claim but has failed to do so, the court finds that granting further leave to amend would be futile in this case. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012). Accordingly, this action should be dismissed with prejudice.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

/////

Accordingly:

1. The findings and recommendations issued on February 3, 2020 (Doc. No. 12) are adopted;
2. The second amended complaint (Doc. No. 11) is dismissed with prejudice; and
3. The Clerk of the Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **March 19, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE